UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDNER BATAILLE,<br><br>   Plaintiff,<br><br>v.<br><br>SPOKANE FALLS COMMUNITY COLLEGE,<br><br>   Defendant. | NO: 11-CV-0442-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REFER CASE FOR ALTERNATIVE DISPUTE RESOLUTION |

BEFORE THE COURT are Defendant's Motion to Dismiss (ECF No. 5) and Plaintiff's Motion to Refer Case for Alternative Dispute Resolution (ECF No. 11). These matters were heard without oral argument. The Court has reviewed the motions, the responses, and the replies, and is fully informed.

## BACKGROUND

This is an employment discrimination lawsuit filed by Plaintiff Edner Bataille against Spokane Falls Community College ("SFCC"). Plaintiff, appearing *pro se*, alleges that he was denied tenure by SFCC after he gave two public

ORDER DENYING MOTION TO DISMISS AND MOTION FOR ADR ~ 1

orations in which he revealed that he is Haitian. Pl.'s Compl., ECF No. 1, at ¶ 2. SFCC has moved to dismiss the complaint for failure to properly serve a state agency and for failure to serve the complaint within 120 days of filing.

## FACTS

Plaintiff filed his Complaint *pro se* on November 30, 2011. ECF No. 1. A summons was issued to SFCC on February 3, 2012. ECF No. 4. On March 12, 2012, Plaintiff served the summons on Kathleen Roberson, Executive Assistant to SFCC's Chief Financial Officer. ECF No. 4 at 3. Plaintiff did not serve a copy of the complaint with the summons. Roberson Decl., ECF No. 7, at ¶ 2.

On April 3, 2012, SFCC moved to dismiss the complaint for (1) failure to properly serve a state agency (*see* Fed. R. Civ. P. 4(j)(2)); and (2) failure to serve the complaint within 120 days of filing (*see* Fed. R. Civ. P. 4(m)). ECF No. 5.

Plaintiff subsequently mailed a copy of the summons and complaint to defense counsel along with his response to the instant motion. Brown Decl., ECF No. 15, at ¶ 2. Defense counsel received this mailing on April 27, 2012. Brown Decl., ECF No. 15, at ¶ 2. Although Plaintiff attached a proof of service certificate to his memorandum in opposition to SFCC's motion to dismiss, there was no proof of service attached to the summons and complaint. Brown Decl., ECF No. 15, at ¶ 3.

DISCUSSION

**I.     Method of Service**

Federal Rule of Civil Procedure 4(j)(2) governs service of a summons and complaint on a state or local government agency. The rule provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

Here, SFCC has not properly established that it is a "state, municipal corporation, or any other state-created governmental organization." *See* Fed. R. Civ. P. 4(j)(2). Although SFCC's pleadings clearly *imply* that Spokane Falls Community College is a state agency, it has not introduced any evidence from which the Court might enter such a finding.[1] In the absence of such evidence, the

---

[1] Plaintiff has alleged that "Spokane Falls Community College (Community Colleges of Spokane) is incorporated under the laws of the state of Washington." Pl.'s Compl, ECF No. 1, at ¶ 2. SFCC has not offered any evidence that it was incorporated *by* the State of Washington or another state or local governmental

Court cannot conclude that Plaintiff was required to comply with Rule 4(j)(2) when serving the summons and complaint. Defendant's motion to dismiss for failure to properly serve a state agency is denied.

## II.   Failure to Timely Serve the Complaint

Federal Rule of Civil Procedure 4(c)(1) governs service of a summons. The rule provides, in relevant part, that "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1). Rule 4(m), in turn, requires that service of the summons and complaint must be completed within 120 days of the date on which the complaint is filed. Fed. R. Civ. P. 4(m). If service is not completed within 120 days,

> [T]he court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service by made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, Rule 4(m) "requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause" upon a showing of excusable neglect.

---

agency, and the Court declines to look outside the record in an attempt to determine SFCC's status.

ORDER DENYING MOTION TO DISMISS AND MOTION FOR ADR ~ 4

*Mann v. American Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003); *see also Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) ("[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect.").

In determining whether a plaintiff has shown "good cause" for failing to serve a complaint within 120 days, a court must consider: (1) whether the party to be served received actual notice of the lawsuit; (2) the degree of prejudice to the defendant caused by the delay; and (3) whether the plaintiff would be severely prejudiced by the dismissal of his complaint. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). While "simple negligence" in failing to serve a complaint within 120 days is generally insufficient, "courts must apply considerable leeway when assessing whether a *pro se* civil rights litigant's failure to comply strictly with time limits such as those established by [Rule 4(m)] should be excused for "good cause[.]" *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Here, a balancing of the three factors identified above weighs in favor of a finding of good cause. With regard to the first factor, actual notice to the defendant, there is no question that SFCC received actual notice of the lawsuit within 120 days of the filing of the complaint. Plaintiff served the summons on SFCC on March 12, 2012, which was 103 days after the complaint was filed. ECF

ORDER DENYING MOTION TO DISMISS AND MOTION FOR ADR ~ 5

No. 4 at 3.  Defense counsel subsequently entered a notice of appearance on March 22, 2012, which was 113 days after the complaint was filed.  At that point, SFCC clearly had actual notice that Plaintiff had filed a lawsuit against it.[2]

The second factor, prejudice to the defendant, also weighs in Plaintiff's favor.  There is nothing to suggest that SFCC suffered any prejudice as a result of the delay.  Indeed, SFCC has not even *attempted* to establish prejudice.  Rather, SFCC simply argues that Plaintiff has failed to offer a satisfactory explanation for his "mistake" in failing to serve a copy of the complaint with the summons.  In the absence of any attempt to demonstrate prejudice, SFCC's arguments in favor of strict enforcement of the 120-day service requirement are unpersuasive.  *See Henderson v. United States*, 517 U.S. 654, 661 (1996) (noting that the 120-day service requirement "operates not as an outer limit subject to reduction, but as an irreducible allowance").

The third factor, "substantial prejudice" to Plaintiff, weighs in SFCC's favor.  Here, it does not appear that Plaintiff would be severely prejudiced by having to re-

---

[2] Although SFCC did not receive a copy of the complaint along with the summons, its attorney, as an experienced Assistant Attorney General in the Torts Division of the Washington Attorney General's Office, undoubtedly knew how to access a copy of the complaint in the Court's electronic case filing system.

ORDER DENYING MOTION TO DISMISS AND MOTION FOR ADR ~ 6

file his case following a dismissal without prejudice.  On the other hand, in the absence of any prejudice to SFCC, requiring Plaintiff to re-file his case would serve no legitimate purpose other than to impress upon Plaintiff the need to comply with the Federal Rules of Civil Procedure.  The Court finds that Plaintiff clearly understands the importance of complying with the rules and has made a good-faith effort to do so.  Thus, on balance, Plaintiff has established good cause for his failure to serve SFCC with the complaint within 120 days of filing.

Having concluded that Plaintiff has established good cause, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Accordingly, the court will extend the deadline for serving the summons and complaint until Friday, June 29, 2012.  In extending the deadline for service, the court expresses no opinion about whether Plaintiff's prior efforts to serve SFCC comply with Rule 4.  Plaintiff is hereby advised, however, that failure to effectuate proper service by **June 29, 2012**, will result in dismissal of his case without prejudice.

### III.  Motion to Refer Case for Alternative Dispute Resolution

Plaintiff has moved to refer this case for alternative dispute resolution pursuant to Local Rule 16.2(c).  ECF No. 11.  Defendant opposes mediation at this stage of the proceedings, but has indicated a willingness to consider mediating the case after the parties have engaged in discovery.  Although this case would likely

benefit from mediation in the future, the Court concludes that ordering mediation at this early juncture would be premature. The Court encourages the parties to remain open to mediating this case and to actively pursue other avenues of resolution. Plaintiff is invited to renew his motion as the parties move forward with the discovery process.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 5) is **DENIED**.

2. Plaintiff's Motion to Refer Case for Alternative dispute resolution (ECF No. 11) is **DENIED**.

3. Plaintiff shall have until **June 29, 2012**, to serve the summons and complaint on Defendant in accordance with the Federal Rules of Civil Procedure. Failure to effectuate proper service by this date will result in dismissal of Plaintiff's case without prejudice without further notice to Plaintiff.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel and Plaintiff.

**DATED** this 24th day of May, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO DISMISS AND MOTION FOR ADR ~ 8